UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAMUEL MONTGOMERY** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-3218** |
| **PARKER TOWING COMPANY, INC.** | **SECTION: I/3** |

ORDER AND REASONS

Before the Court is defendant's motion *in limine* to exclude the expert testimony and report of plaintiff's safety expert, Robert E. Borison ("Borison").[1] For the following reasons, defendant's motion is **DENIED**.

*BACKGROUND*

On April 8, 2006, plaintiff, Samuel Montgomery, was working as an engineer and crew member of the M/V TIM PARKER, a towing vessel owned and operated by defendant, Parker Towing Company, Inc.[2] On that date, while cleaning the rudder room of the vessel, plaintiff

---

[1] R. Doc. No. 18.

[2] R. Doc. No. 1, compl. ¶¶ 3-4.

1

injured his foot when it "was crushed between a hydraulic cylinder and a stop point."[3]

On June 11, 2007, plaintiff brought this lawsuit against defendant asserting causes of action for negligence and unseaworthiness.[4] Plaintiff hired a safety expert, Borison, who prepared a report describing the accident that occurred and presenting findings of factors that caused or contributed to plaintiff's injuries.[5] Borison listed in his report several preventative measures, including: (1) installing guards over the mechanism that injured plaintiff; (2) installing a raised deck covered with grating; (3) installing a guard rail, gates, warnings, and presence sensors; and (4) instituting a lock out/tag out procedure.[6]

On January 29, 2008, defendant filed this motion to exclude Borison's expert testimony and report arguing that Borison is not qualified to offer an expert opinion and his report does not put forth scientific, technical, or specialized knowledge that would assist the trier of fact.[7]

*LAW AND ANALYSIS*

I.     **Standard of Law**

Rule 702 of the *Federal Rules of Evidence* governs the admissibility of expert witness testimony. Fed. R. Civ. P. 702; *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588, 113 S. Ct. 2786, 2794, 125 L. Ed. 2d 469, 480 (1993); *United States v. Hitt*, 473 F.3d 146, 148

---

[3] *Id.* ¶ 4.

[4] *Id.* ¶¶ 5-6.

[5] R. Doc. No. 20-4, Borison report.

[6] *Id.* at 6-8.

[7] Mot. *in limine*; R. Doc. No. 18-2, mem. supp. at 1.

(5th Cir. 2006). Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The United States Supreme Court's decision in *Daubert* "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002). Both scientific and nonscientific expert testimony is subject to the *Daubert* framework, which requires trial courts to make a preliminary assessment to "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167, 1174, 143 L. Ed. 2d 238, 249-50 (1999).

A number of nonexclusive factors may be applicable to the reliability inquiry, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community. *Burleson*, 393 F.3d at 584. The reliability inquiry must remain flexible, however, as "not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004); *see Runnels v. Tex. Children's Hosp. Select Plan*, 167 Fed. App'x 377, 381 (5th Cir. 2006) ("[A] trial judge has 'considerable leeway' in determining '*how* to test an expert's reliability.'" (*citing Kumho Tire*, 526 U.S. at 152, 119 S. Ct. at 1176, 143 L. Ed. 2d at 253)).

With respect to the determination of relevancy pursuant to Rule 702 and *Daubert*, the proposed expert testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).

## II.    Analysis

Defendant first argues that Borison is not qualified to give expert testimony as to the "engine room operations and design" because Borison "is not a naval architect nor a mechanical engineer."[8] Borison has over thirty years of experience in the marine industry as a safety supervisor, safety professional, and safety consultant; Borison's positions made him responsible for inspecting machinery for proper machine guarding and for compliance with safety specifications.[9] Borison is not seeking to be qualified as a naval architect or a mechanical engineer, but rather as a safety expert, for which he has sufficient qualifications.[10] The strength of Borison's credentials goes to the weight of his testimony and not its admissibility. *See Curry v. ENSCO Offshore Co.*, 54 Fed. App'x 407 (5th Cir. 2002) (holding that a safety director was qualified to testify as an expert in marine safety, despite defendant's arguments that the expert

---

[8] Mem. supp. at 2-3.

[9] Borison report at 2-3.

[10] Defendant argues that it is outside of Borison's expertise to determine: "(1) whether or not the engine room machinery was safe as designed or operated; (2) whether a guard on the tiller arm could be designed so as to fit in the engine room and operate with the machinery; (3) whether a raised deck could be feasibly installed in the engine room; (4) or whether those measures, if they could be feasibly implemented, would have prevented Plaintiff's injury." Mem. supp. at 3. Borison's report does not address whether certain preventative features could be feasibly installed. Any such issue can be addressed on cross-examination.

was not qualified as a biomechanical engineer or any other relevant discipline); *Williams v. Warren*, 253 F.3d 700 (5th Cir. 2001) (holding that an expert was qualified to discuss broken bones even though he was not an orthopedic surgeon and that the strength of his "credentials go to the weight, not the admissibility" of his testimony).

Defendant next contends that Borison's testimony will not aid the trier of fact because Borison's report is "merely based" on a manual of industry customs and standards. First, Borison's report is not only based upon the manual, but upon his experience as a safety professional in the marine industry. Second, "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996). It is "the role of the adversarial system, not the court, to highlight weak evidence." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004). Defendant's argument goes to the weight to be given Borison's testimony and not its admissibility.[11]

Further, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). "'*Daubert* requires a binary choice–admit or exclude–and a judge

---

[11] Defendant's citation, without analysis, to two cases excluding a report by Borison is misplaced. Mem. supp. at 4 n.10 (*citing Roy v. Fla. Marine Transporters, Inc.*, No. Civ.A. 03-1195, 2004 WL 551208, at *3 (E.D. La. Mar. 18, 2004) (Vance, J.); *Thomas v. Global Explorer, LLC*, 2003 WL 943645, at *2 (E.D. La. Mar. 3, 2003) (Vance, J.)). In *Roy*, the Court excluded testimony from Borison relating to the slippery nature of the deck surface because this conclusion did not require expertise of any kind and because plaintiff's deposition testimony directly contradicted such an assertion. 2004 WL 551208, at *3. The Court did not exclude, however, testimony regarding industry safety standards that "may assist the Court in this matter." *Id.* Similarly, in this case, Borison's reliance on industry safety standards may assist the trier of fact.
  In *Thomas*, the Court excluded Borison's testimony because it "consist[ed] of conclusions and one-sided recitations of what plaintiff himself asserts are disputed factual issues." 2003 WL 943645, at *2. Borison's report in this case consists, instead, of preventative measures that could be utilized to prevent injury.

in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves.'" *Thompson v. Rowan Cos.*, Civil Action No. 06-3218, 2007 WL 724646, at *1 (E.D. La. Mar. 6, 2007) (Barbier, J.) (*quoting SmithKline Beecham Corp. v. Apotex Corp.*, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003)).

Accordingly,

**IT IS ORDERED** that defendant's motion *in limine*[12] is **DENIED**.

New Orleans, Louisiana, February 25, 2008.

				_____
				**LANCE M. AFRICK**
				**UNITED STATES DISTRICT JUDGE**

---

[12] R. Doc. No. 18.